# 1150

tempting to avoid the monopoly of the owners of a patent, the city should be driven into the alternative of a monopoly of a particular kind of pavement, the sources of supply of which may be controlled by one concern. This is certainly presenting a choice between Scylla and Charybdis. The courts ought not, by an overstrained construction of the statute, to put apparently impossible obstacles in the way of the public authorities in attempting to improve the roadways of this great city. The enormous amount of heavy traffic through its congested streets requires the best quality of pavement, and economy in the first instance may be over-dear in the end. The present condition of our streets certainly affords no evidence that the last word has been said on proper street pavement. The city authorities, unless the law is absolutely prohibitive, should not be prevented from trying another kind of pavement in general and satisfactory use, it is claimed, in many of the other large cities of the country, even if it be patented.

While I have great respect for the doctrine of stare decisis, my view of the cases alluded to in this opinion is that that doctrine should have been applied when the Willcox Case came to this court in January, 1904, and the court should have followed its decision in the Rose Case made six months before. It is useless to examine or consider the very many cases cited upon the briefs from other jurisdictions under provisions of law similar or dissimilar to ours. We have before us a plain interpretation of our own statute. The view of this court in the Rose Case was that the city could lay patented pavements, and a method was pointed out under which a fair competition could be had between the kinds of pavements, which, upon the proper resolutions of the board of estimate and apportionment, would allow the laying of a patented pavement. When the local authorities followed the course laid down by this court, this court said, as I view it, in direct contravention to the Rose Case, that the method there pointed out, although followed, was wrong. The court could not have been right in each case. In my view it was right the first time. It follows, therefore, that as the contract was entered into in conformity with the provisions of law governing the subject, and was a valid and legal contract, the city had no right to break it, and, as it is conceded that, if it is determined that it was a valid contract, the plaintiff would have been entitled to $5,000 as damages for estimated profits if it had been allowed to perform, judgment upon the statement of facts should be entered for the plaintiff for the sum of $5,000 and costs.

INGRAHAM, J., concurs.

WASHINGTON LIFE INS. CO., Respondent, v. SCOTT, Appellant. (Supreme Court, Appellate Division, First Department. March 22, 1907.) Action by the Washington Life Insurance Company against Blair T. Scott. A. P. Jetmore, for appellant. F. G. Caffey, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See 103 N. Y. Supp. 929.

WEINBERG, Appellant, v. FELDMAN, Respondent. (Supreme Court, Appellate Division,

Second Department. March 8, 1907.) Action by Joseph Weinberg against Max Feldman. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

WEINTRAUB, Appellant, v. ULMAN, Respondent. (Supreme Court, Appellate Division, First Department. March 22, 1907.) Action by Morris Weintraub against Nathan Ulman. J. Manheim, for appellant. H. A. Brand, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

WEIR, Respondent, v. UNION RY. CO. OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. March 22, 1907.) Action by Winant W. Weir against the Union Railway Company of New York. B. H. Ames, for appellant. J. H. Ross, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

WEISS, Respondent, v. MEYERSOHN, Appellant. (Supreme Court, Appellate Division, Second Department. March 1, 1907.) Action by Jacob Weiss against Hyman Meyersohn. No opinion. Order affirmed, with $10 costs and disbursements.

WERNER v. CORPORATION LIQUIDATING CO. (Supreme Court, Appellate Division, First Department. March 27, 1907.) Action by Sigmund Werner against the Corporation Liquidating Company. No opinion. Application denied, with $10 costs. Order signed.

WERNER v. CORPORATION LIQUIDATING CO. (Supreme Court, Appellate Division, First Department. March 27, 1907.) Action by Sigmund Werner against the Corporation Liquidating Company. No opinion. Motion for stay denied, with $10 costs. Settle order on notice.

WESTCHESTER TRUST CO., Respondent, v. KOHN, Appellant. (Supreme Court, Appellate Division, Second Department. March 15, 1907.) Action by the Westchester Trust Company against Paul Kohn. No opinion. Judgment, in so far as appealed from, affirmed, with costs.

WESTERN CANDY & BAKERS' SUPPLY CO., Respondent, v. GINOCCHIO et al., Appellants. (Supreme Court, Appellate Division, First Department. March 22, 1907.) Action by the Western Candy & Bakers' Supply Company against Louis Ginocchio and others. M. Mackenzie, for appellants. L. W. Thompson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

WHEELER, Respondent, v. HOWARD et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 13, 1907.) Action by Albert J. Wheeler, as receiver, against Clarence M. Howard and others. No opinion. Order affirmed, with $10 costs and disbursements.

WHEELER, Respondent, v. STATE, Appellant. (Supreme Court, Appellate Division,